[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: APPLICATION TO DISSOLVE MECHANIC'S LIEN (FILE #165) APPLICATIONTO REMOVE NAME OF PARTY DEFENDANT (FILE #163) I MOTION TO CORRECT(FILE #1591 OBJECTION (FILE #166) MOTION FOR NONSUIT (FILE #167)
This is an action to foreclose a mechanic's lien; defendant has an ownership interest in the subject real property located in Burlington.
The court has reviewed the voluminous (five portfolios), reconstructed file furnished by the Clerk's Office.[1] The application to dissolve (#165) requests that "the lien be dissolved either on the Defendants recognizance or on the posting of such a bond substituted therefore." No testimony was presented before this court; however, the reconstructed file discloses that Judge Langenbach, on February 9, 1993, denied a previous motion to dissolve following the presentation of extensive testimony.[2] The amount of the lien being foreclosed is $25,167.22; plaintiff requests that any bond substituted for the said lien be sufficient to cover that amount, plus interest, fees, and taxable costs. Defendant contends (and has consistently maintained) that the actual debt is substantially less and offers bond in the amount of $14,000.00 based on claimed "set-offs";[3] she has submitted a packet of documents which she asserts substantiates her position.[4] It appears to this court that the substance of much of the information now submitted was previously before Judge Langenbach on the prior motion to dissolve. The court is unable to conclude, applying either a fair preponderance or a clear and convincing evidence standard, that defendant now offers bond, with sufficient surety, conditioned to pay the lienor, or its assignees, such amount as a court of competent jurisdiction has adjudged, or may adjudge, to have been secured by this lien, with interests and costs. Accordingly, the application to dissolve mechanic's lien (#165) is herebydenied.
Defendant's application to remove the name of a party defendant (#163) requests that the court "enter a ruling dismissing Jessie Stoddard, d/b/a Stoddard Electric System as a party Defendant." The foreclosure complaint alleges that Jessie Electric Systems claims an interest in the premises by CT Page 5412 virtue of a subsequent mechanic's lien. Defendant's original "Motion to Dissolve Liens," which was before the Court on the 2/8/93 hearing, included the Jessie Electric lien (as acknowledged by the content of the instant application, and by the content of the earlier motion); the prior motion, as stated, was denied by the Court on February 9, 1993.[5] It is now, and has been in the past, defendant's contention that the Jessie Electric lien was defective due to non-compliance with statutory service and time requirements.[6] Defendant's questions regarding the Jessie Electric lien were raised in the previous motion which was denied by a coordinate judge on 2/9/93, and, to the extent that Section 49-39 would pertain in the present context, non-compliance therewith would result in a discharge as a matter of law. For the reasons stated, defendant's application to remove name (#163) is herebydenied.
Defendant's motion to correct (#159) is not contained in the reconstructed file and cannot be located by the Clerk. Discussion on the record indicated that the motion is apparently directed at certain claimed inaccuracies and/or ambiguities in the official transcript of certain prior court proceedings. While plaintiff's objection (#166) has been substantially withdrawn (with certain qualifications stated on the record), this court is not disposed to enter any order without having the motion before it for examination and consideration. Defendant may refile the motion and claim same for another hearing.
Defendant's motion for nonsuit (#167), and for the imposition of Section 231 sanctions, is based on an asserted failure by plaintiff to comply with defendant's discovery requests. The motion cannot, in the court's view, after reviewing the copious documentation submitted with respect thereto, be determined as a non-arguable matter; accordingly, the motion may be claimed for argument.
Mulcahy, J.